IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Qian Yuxing | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | *   Case No.: _____ |
| Ameri-Asia, LLC; | * |
| | * |
| CaerVision, LLC; | * |
| | * |
| CaerVision Technology Centers Inc.; | * |
| | * |
| Juliet Luo, a/k/a Juliet Zhang, a/k/a Hong Luo; | |
| | |
| KE "Jack" Zhang | |
| | |
| Defendants | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

Plaintiff, through counsel, brings this action against Defendants for fraud. Defendants created a fraudulent Joint Venture. They represented this Joint Venture to Plaintiff as an investment with an ordinary rate and risk of return, and as qualifying for EB-5, enabling Plaintiff to obtain permanent residency in the United States. Neither was true. Defendants intended to convert the investment to their own use. Defendants knew this, and made the false statements for the purpose of inducing Plaintiff's investment.

## JURISDICTION AND VENUE

1. This Court has subject matter and personal jurisdiction over the subject matter of this Complaint because:

    a. The wrongful acts herein described occurred within the judicial district of Maryland, and

    b. Plaintiff is a citizen of China. Individual Defendants are United States citizens and residents of Maryland, and Corporate Defendants have or had their primary places of business in Maryland, and the value in controversy exceeds $75,000.

2. For the same reasons, venue is proper before this Honorable Court.

## PARTIES

3. Plaintiff Qian Yuxing is a citizen of China.

4. Defendant Juliet Zhang, a/k/a Juliet Luo and Hong Luo ("Juliet") is, upon information and belief, a citizen of Maryland with a residence at 3029 Averley Road, Ijamsville, Maryland 21754.

5. Defendant KE "Jack" Zhang is, upon information and belief, a citizen of Maryland.

6. Defendant CaerVision Corp. ("CaerVision") is, upon information and belief, a corporation organized and existing under the laws of Delaware, with a principle place of business at 4539 Metropolitan Court, Frederick, MD 21704.

7. Defendant CaerVision Technology Centers Inc. ("CTCI") is, upon information and belief, a corporation organized and existing under the laws of Delaware, with a principle place of business at 4539 Metropolitan Court, Frederick, MD 21704.

## FACTS

8. The foregoing paragraphs are incorporated by reference as though fully set forth herein.

9. Individual Defendants, a husband and wife, held themselves out as providing investment opportunities compliant with the United States' EB-5 program. This program offers lawful permanent residence to foreign investors, provided they invest at least $500,000 and create 10 full-time jobs and their investment is genuinely "at risk."

10. Defendants repeatedly conducted a scheme by which they would offer a "joint venture" to

foreign investors. These joint ventures were described as compliant with the foregoing law, and were portrayed as being an investment with an ordinary risk and return and expected dividends.

11. When a "partner" invested in such a Joint Venture, Defendants instead converted the money to personal use through accounts associated with CaerVision.

12. Plaintiff invested in a "Joint Venture" with Defendant's company Ameri-Asia, LLC. In exchange for a 30% interest in the Joint Venture, and the EB-5 eligible investment, Plaintiff agreed to invest $650,000. 70% of the ownership of the Joint Venture remained with "Ameri-Asia Group Companies." Defendants falsely promised that Plaintiff's investment would be used solely for this investment project.

13.  The joint venture was to be called "CME limited liability company" and was to have a business address of 2502 Urbana Pike, in Ijamsville MD. On information and belief, no such company was even formed.

14. The agreement was reduced to writing in a document titled "EB-5 Joint Venture Agreement," a translation of which is attached as **Exhibit A**. This agreement was a valid contract and also reflects the statements made by Defendants.

15. Because Defendants' representations were false, Plaintiff did not receive lawful permanent residence and lost the investment entirely.

16. Defendants conducted this scheme repeatedly, and with various other "partners" aside from Plaintiff. On each occasion, they instead distributed the money between CaerVison-associated accounts for the purpose of concealing the financial condition of the joint ventures from the investors. They disseminated false and misleading bank and business statements for the purpose of persuading investors that they had viable business models with capital that had not been misappropriated.

17. Defendants spent or distributed Plaintiff's investment on expenses unrelated to "CME,

LLC", including but not limited to using Plaintiff's funds to purchase real property on behalf of the defendants, to purchase or lease vehicles for the defendants, and to make refunds to other EB-5 investors who demanded returns of their investment funds.

18. Defendants have since been convicted of conspiracy and scheme to defraud.

19. At all times, Individual Defendants were officers of Defendant companies and signed for them. These companies had no separate identity. Those companies that had been incorporated at all existed only for the purpose of enabling the fraud.

## COUNT I: FRAUD

20. Plaintiff incorporates the above paragraphs as if fully set forth herein.

21. Defendants induced Plaintiff to invest $650,000 by knowingly making false statements.

22. These false statements included the claim that the money would be invested at all, that the joint venture was eligible for the EB-5 program, and that the bank statements and business statements showing a viable business were genuine.

23. Plaintiff reasonably relied upon these statements and invested $650,000.

24. Plaintiff has been damaged by the foregoing fraudulent misrepresentations.

## COUNT II: BREACH OF CONTRACT

25. Plaintiff incorporates the above paragraphs as if fully set forth herein.

26. Defendants had a contract with Plaintiff, describing permissible uses of Plaintiff's invested funds. This would have required investing the funds in such a way as to create at least ten jobs, and to have a business model that was capable of generating dividends.

27. Defendants breached this contract when they instead converted the funds to personal use.

28. Plaintiff has been damaged by this breach.

WHEREFORE Plaintiff respectfully requests this Honorable Court enter judgment for Plaintiff as follows:

(a) against Defendants Juliet Zhang, KE Zhang, CaerVision Corp., CaerVision Technology Centers Inc., and Ameri-Asia, LLC on Count I (fraud) in the amount of $650,000, jointly and severally, plus pre-judgment interest;

(b) against Defendants Juliet Zhang, KE Zhang, CaerVision Corp., and Ameri-Asia LLC& Innovations LLC, on Count II (breach of contract) in the amount of $650,000, jointly and severally, plus pre-judgment interest;

(c)  punitive damages in an amount to be determined at trial, plus pre-judgment interest; and

(e) costs in prosecuting this action, as well as such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/Robert J. Harris
 Robert J. Harris,
 Dist. Ct. No. 03414
 DC Law Group
 630 E. Diamond Ave., Ste F
 Gaithersburg, MD 20877
 (240) 364-2800
 (241) fax 877-804-9978
 cases@dclawweb.com