IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| QIAN YUXING | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. SAG-23-02684 |
| AMERI-ASIA, LLC, *et al.,* | * | |
| Defendants. | * | |

\* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Qian Yuxing ("Plaintiff") filed this Amended Complaint against fifteen corporate and individual defendants, incorporating claims for fraud and breach of contract. ECF 7. Three of the defendants, Paradigm-V LLC, Juliet Luo, and Tony Yuen (collectively, the "Moving Defendants") filed a motion to dismiss for failure to state a claim. ECF 18. Plaintiff opposed the motion, ECF 20, and the Moving Defendants filed a reply, ECF 21. A hearing is not necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons that follow, the Moving Defendants' motion shall be granted and the Amended Complaint shall be dismissed without prejudice.

### I.   FACTUAL BACKGROUND

According to the Amended Complaint, Plaintiff is a resident of China and Defendants are Maryland residents or businesses with their primary places of business in Maryland. ECF 7 ¶ 1(b). In accordance with the representations of "a husband and wife" that they would provide investment opportunities compliant with the United States's EB-5 program, Plaintiff invested $650,000 in a "Joint Venture" with "Defendant's company Ameri-Asia, LLC". *Id.* ¶¶ 20, 23. The Joint Venture, "CME limited liability company," was to be located in Ijamsville, Maryland. *Id.* ¶ 24. Plaintiff and

a Defendant executed a contract.[1] ECF 1-1. However, because "Defendants' representations" were false, Plaintiff lost the investment entirely and did not receive lawful permanent residence under the EB-5 program. ECF 7 ¶ 26. "Defendants" distributed money between accounts and disseminated false bank statements for the purpose of concealing the misappropriation of funds. *Id.* ¶ 27. "Defendants" also spent Plaintiff's investment on expenses unrelated to the Joint Venture, including purchasing real property and vehicles. *Id.* ¶ 28. "Defendants" have since been convicted of conspiracy and scheme to defraud. *Id.* ¶ 29.

## II.   STANDARDS OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to test the legal sufficiency of a complaint by way of a motion to dismiss. *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." *See In re Birmingham*, 846 F.3d at 92.

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

To survive a motion under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Id*. at 570; *see*

---

[1] The Contract attached as an exhibit is in Chinese, leaving this Court unable to determine which of the fifteen defendants may have been a signatory. ECF 1-1.

*Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . .") (citation omitted); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). But a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Maryland Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). But a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is

entitled to the legal remedy sought. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011).

### III.   DISCUSSION

The factual assertions in this Amended Complaint provide absolutely no way for this Court (or the fifteen Defendants) to ascertain the allegations made against any individual defendant. Fourth Circuit case law holds that a complaint cannot rely on "indeterminate assertions against all defendants." *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015) (internal quotation marks and citations omitted). This holds true even when some of those defendants are corporate subsidiaries or affiliates of one another. *See id.* at 423 ("'The fact that two separate legal entities may have a corporate affiliation does not alter [the] pleading requirement' to separately identify each defendant's involvement in the conspiracy."). Here, Plaintiff groups all "Defendants" or "Individual Defendants" together, making almost no specific allegations referring to any action taken by any particular defendant. In some cases, the result is nonsensical, such as where the Amended Complaint refers to "Individual Defendants, a husband and wife" in a case naming six individuals as defendants, ECF 7 ¶ 20, or when it alleges that the contract "reflects the statements made by Defendants" when there is only one signature line for a Defendant (which cannot be read because it is in Chinese), *id.* ¶ 25, ECF 1-1 at 2. That sort of "lump[ing] together without sufficient detail" is precisely the type of group pleading that *SD3* forbids and requires dismissal of this Amended Complaint in its entirety. *SD3*, 801 F.3d at 423 (citation omitted).

Such imprecise pleading is especially problematic, where, as here, Plaintiff brings a claim for fraud. The claim must therefore meet Rule 9(b)'s heightened pleading standard. *See Donaldson v. Primary Residential Mortg., Inc.*, No. ELH-19-1175, 2020 WL 3184089, at *12 (D. Md. June 12, 2020). Rule 9(b) provides that when fraud is alleged, "a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). Under this rule, a claim that

entitled to the legal remedy sought. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011).

### III.   DISCUSSION

The factual assertions in this Amended Complaint provide absolutely no way for this Court (or the fifteen Defendants) to ascertain the allegations made against any individual defendant. Fourth Circuit case law holds that a complaint cannot rely on "indeterminate assertions against all defendants." *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015) (internal quotation marks and citations omitted). This holds true even when some of those defendants are corporate subsidiaries or affiliates of one another. *See id.* at 423 ("'The fact that two separate legal entities may have a corporate affiliation does not alter [the] pleading requirement' to separately identify each defendant's involvement in the conspiracy."). Here, Plaintiff groups all "Defendants" or "Individual Defendants" together, making almost no specific allegations referring to any action taken by any particular defendant. In some cases, the result is nonsensical, such as where the Amended Complaint refers to "Individual Defendants, a husband and wife" in a case naming six individuals as defendants, ECF 7 ¶ 20, or when it alleges that the contract "reflects the statements made by Defendants" when there is only one signature line for a Defendant (which cannot be read because it is in Chinese), *id.* ¶ 25, ECF 1-1 at 2. That sort of "lump[ing] together without sufficient detail" is precisely the type of group pleading that *SD3* forbids and requires dismissal of this Amended Complaint in its entirety. *SD3*, 801 F.3d at 423 (citation omitted).

Such imprecise pleading is especially problematic, where, as here, Plaintiff brings a claim for fraud. The claim must therefore meet Rule 9(b)'s heightened pleading standard. *See Donaldson v. Primary Residential Mortg., Inc.*, No. ELH-19-1175, 2020 WL 3184089, at *12 (D. Md. June 12, 2020). Rule 9(b) provides that when fraud is alleged, "a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). Under this rule, a claim that

sounds in fraud "must, at a minimum, describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *United States ex rel. Nathan v. Takeda Pharms. N.A., Inc.*, 707 F.3d 451, 455–56 (4th Cir. 2013) (citation omitted). In other words, a plaintiff must plead "the who, what, when, where, and how of the alleged fraud" to survive a motion to dismiss. *United States ex rel. Wilson v. Kellogg Brown & Root*, 525 F.3d 370, 379 (4th Cir. 2008) (internal quotation marks omitted). Among other things, Rule 9(b) ensures that each defendant has sufficient information to formulate a defense, protects defendants from frivolous suits, and serves to eliminate fraud actions in which all the facts are learned after discovery. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999). Here, the vague group pleading means there is no "who, what, when, where, and how" in the Amended Complaint. Broad assertions of false representations by "Defendants" are patently insufficient. Similarly, allegations that "Defendants" misused funds through various actions, like distributing money between accounts, are insufficient without explanation of who did those actions as well as when and where they occurred.

## IV.   CONCLUSION

For the reasons set forth above, the Moving Defendants' Motion to Dismiss, ECF 18, is granted and the claims against those defendants are dismissed without prejudice.[2] Plaintiff will be afforded twenty-one days to seek leave to file an amended complaint in accordance with this Court's Local Rules. A separate Order follows.

Date: January 17, 2024                           /s/
                                                 Stephanie A. Gallagher
                                                 United States District Judge

---

[2] While none of the other defendants have yet sought dismissal, this Court notes that the rationale in this opinion applies equally to all fifteen named defendants.