IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| QIAN YUXING | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. SAG-23-02684 |
| AMERI-ASIA, LLC, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Qian Yuxing ("Plaintiff") has filed a Motion for Leave to File a Second Amended Complaint, ECF 27, after this Court dismissed Plaintiff's First Amended Complaint on January 17, 2024, ECF 23. Three of the fifteen proposed defendants, Paradigm-V LLC, Juliet Luo, and Tony Yuen (collectively "Opposing Defendants") have opposed the motion on the ground of futility. ECF 28. Plaintiff did not file a reply. A hearing is not necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons that follow, the Motion will be denied, although Plaintiff will be afforded one final opportunity to file a motion for leave to amend with a proposed amended complaint that comports with the requisite pleading standards.[1]

I. **FACTUAL AND PROCEDURAL BACKGROUND**

According to the proposed Second Amended Complaint, Plaintiff is a resident of China and Defendants are Maryland residents or businesses with their primary places of business in Maryland. ECF 27-3 ¶ 1(b). Plaintiff alleges that six individual Defendants, Juliet Luo, KE "Jack"

---

[1] In addition to the other failings described herein, the alleged "redline" of the proposed Second Amended Complaint does not accurately reflect changes made from the First Amended Complaint. ECF 27-4. For example, that "redline" indicates that seven new defendants were added, but those defendants were already named in the First Amended Complaint. ECF 3. To comport with the Local Rules, the redline must reflect changes made from the First Amended Complaint.

Zhang, Tony Yuen, Michael Grayson, F. Theodore Elliot, and Douglas Clark Hollmann, held themselves out as providing investment opportunities compliant with the United States's EB-5 program. *Id.* ¶ 20. Defendants told investors they would receive lawful permanent resident status and a return on their investment. *Id.* ¶ 20–21. Plaintiff executed a contract and invested $650,000 in a "Joint Venture" with "Defendant's company Ameri-Asia, LLC."[2] *Id.* ¶ 23. However, Defendants' representations were false and Plaintiff did not receive lawful permanent residence under the EB-5 program, also losing her investment entirely. *Id.* ¶ 26. Plaintiff alleges that Defendants used the invested money on unrelated expenses and to reimburse previous investors who asked for refunds. *Id.* ¶ 28. Plaintiff alleges that Defendants Zhang, Luo, and Grayson have since been convicted of conspiracy and scheme to defraud.[3] *Id.* ¶ 29.

The proposed Second Amended Complaint has a count alleging "fraud" and a count alleging "breach of contract." *Id.* ¶¶ 41–50.

## II.   STANDARDS OF REVIEW

Leave to amend a pleading should be freely granted. FED. R. CIV. P. 15(a). However, a

---

[2] With the proposed Second Amended Complaint, Plaintiff included a "translation" of the parties' contract in Chinese, indicating that the contract's signatories are Plaintiff and Ameri-Asia, LLC. ECF 23-5. The Proposed Second Amended Complaint states, "Defendants had a contract with Plaintiff, describing permissible uses of Plaintiff's invested funds. This would have required investing the funds in such a way as to create at least ten jobs, and to have a business model that was capable of generating dividends." ECF 27-3 ¶ 47. Those terms do not appear in the translation of the document attached as ECF 27-5. If there is such a contract between Plaintiff and one or more defendants, it is not attached to the proposed Second Amended Complaint. The proposed Second Amended Complaint also alleges, "Defendants Zhang and Luo negotiated and signed the contract on behalf of the Caervision group of companies." ECF 27-3 ¶ 48. However, the attached contract only has a single signature on behalf of a single company, Ameri-Asia, LLC, and according to the translation, makes no reference to the "Caervision group of companies." ECF 27-5. At some point, these sorts of representations cross the line from imprecise pleading into knowing misrepresentations.

[3] Having reviewed the criminal case docket in GLR-17-480, this Court agrees with Opposing Defendants that Plaintiff's allegation misstates the nature of the criminal convictions in that case.

proposed amendment may be denied if it "may clearly be seen to be futile because of substantive or procedural considerations." *Davis v. Piper Aircraft Corp.,* 615 F.2d 606, 613 (4th Cir. 1980).

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). The rule demands more than bald accusations or mere speculation. *Id.* at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013).

## III.   DISCUSSION

Like with the prior version of Plaintiff's complaint, the factual assertions in the proposed Second Amended Complaint provide absolutely no way for this Court (or the fifteen Defendants) to ascertain the specific allegations made against any individual defendant. Fourth Circuit case law holds that a complaint cannot rely on "indeterminate assertions against all defendants," a fact that holds true even when some of those defendants are corporate subsidiaries or affiliates of one another. *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422–23 (4th Cir. 2015) ("The fact that two separate legal entities may have a corporate affiliation does not alter [the] pleading requirement to separately identify each defendant's involvement in the conspiracy.") (internal quotation marks omitted). While Plaintiff has added a few additional facts this time around, this Court still has no way to ascertain what false or fraudulent representation any particular defendant is alleged to have made, where the representation was made, or when and how the representation was made. As this Court made clear in its prior opinion, Rule 9(b)'s heightened pleading standard requires the pleading party to "state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). The complaint "must, at a minimum, describe the time, place, and

contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *United States ex rel. Nathan v. Takeda Pharms. N.A., Inc.,* 707 F.3d 451, 455 (4th Cir. 2013) (citation omitted). Rule 9(b) requires the plaintiff to plead "the who, what, when, where, and how of the alleged fraud." *United States ex rel. Wilson v. Kellogg Brown & Root*, 525 F.3d 370, 379 (4th Cir. 2008) (internal quotation marks omitted). To be clear, to state a claim for fraud against any defendant, the complaint should say "on [date], [name of defendant] said [false representation] in [a meeting, an email, a phone call, etc.]." If that type of specific allegation cannot be made for any particular defendant, that defendant should not be sued for fraud.

The closest Plaintiff comes to asserting any viable claim for fraud consists of one paragraph where she specifies that Defendant Juliet Luo "told Plaintiff that the investment was in progress" and "demonstrated bank account balances consistent with a genuine investment." ECF 127-3 ¶ 34. That paragraph describes the "how" of the fraud by stating that Luo "temporarily transferr[ed] other victims' money into the accounts." *Id.* However, it fails to provide the "when" or "where" of the alleged comments: A general allegation that the communications happened "throughout the course of the contract . . . [o]ver the course of the subsequent years" does not suffice. *Id.*

The proposed amended complaint also contains two paragraphs where Plaintiff attributes an overarching series of comments to just two of the six individual defendants, Luo and Jack Zhang. ECF 127-3 ¶¶ 31, 43. Those paragraphs do not provide the "where, when and how" of the alleged comments and do not provide a way to distinguish which of the two defendants made which statement. And Plaintiff makes virtually no allegations whatsoever regarding any statements made to her by any of the other individual defendants or corporate entities. In total, the generalized assertions contained in the proposed Second Amended Complaint are patently insufficient to state

a claim for fraud against anyone, let alone fifteen individual and corporate defendants.[4]

With respect to the breach of contract claim, the translated contract attached to the proposed amended complaint is endorsed by Plaintiff and Ameri-Asia, LLC. ECF 27-5. The proposed amended complaint contains only vague allegations regarding how that LLC relates to any other individual or corporate defendant, including a reference to "Defendant's company Ameri-Asia, LLC," which uses a singular possessive in a case with fifteen defendants. ECF 27-3 ¶ 23. None of the allegations explain how the corporate veil could be pierced to permit suit against any other individual or entity with respect to a contract signed only by Ameri-Asia, LLC. Instead, the proposed amended complaint groups together the "Corporate Defendants," and states that each of them "acted as the agent of the individual defendants when it received the invested funds and generalized falsified reports of an apparently genuine investment." *Id.* ¶ 33. Such general assertions of agency, without specific facts evidencing how each defendant is connected to Ameri-Asia, LLC and why the corporate veil would be pierced, are insufficient.

In light of these glaring deficiencies, the instant motion for leave to amend will be denied and the proposed Second Amended Complaint will not be docketed. Plaintiff will be afforded one final opportunity to plead a viable claim. Plaintiff is encouraged to carefully consider whether the final proposal adequately and specifically includes facts to support a claim against each Defendant named, particularly with respect to any claim of fraud.

## IV.   CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Leave to File Amended Complaint, ECF 27, is DENIED because the amendment would be futile. Plaintiff will be afforded twenty-one days to make a final attempt to file a legally viable amended complaint in accordance with this

---

[4] This Court further notes that the *ad damnum* clause in the proposed Second Amended Complaint only references fourteen of the fifteen defendants.

Court's Local Rules. Should Plaintiff's next attempt continue to engage in pervasive group pleading without specific allegations regarding each named defendant, or continue to misrepresent court records or the evidence attached to the complaint, the motion will be denied and this Court's dismissal will convert to dismissal with prejudice. A separate Order follows.

Date: March 18, 2024

                                              /s/
                                        Stephanie A. Gallagher
                                        United States District Judge