IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **QIAN YUXING,** | * | |
| | * | |
| **Plaintiff,** | * | |
| v. | * | Civil Case No. SAG-23-2684 |
| | * | |
| **AMERI-ASIA LLC,** *et al.*, | * | |
| | * | |
| **Defendants.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff Qian Yuxing ("Plaintiff") filed this lawsuit against a group of defendants, alleging fraud and breach of contract claims. This Court dismissed a prior iteration of Plaintiff's complaint without prejudice for failure to state a claim. ECF 22, 23. This Court then denied two of Plaintiff's attempts to seek leave to amend the complaint because the proposed amended pleadings were patently insufficient and would have been futile. ECF 29, 30, 37. Most recently, on June 12, 2024, this Court allowed Plaintiff "one final opportunity to seek leave to amend," recognizing that Plaintiff appeared to have potentially meritorious claims against one or more defendants. ECF 37. In response, Plaintiff filed a document captioned "Memorandum of Law in Support of Motion for Leave to File Amended Complaint," ECF 39, without actually filing such a motion, and attached a proposed draft Second Amended Complaint that does not completely comport with the requirements of this Court's Local Rules with respect to redline copies.[1] ECF 42. Defendants Paradigm-V LLC ("Paradigm"), Juliet Luo (a/k/a Juliet Zhang, a/k/a Hong Luo) ("Luo"), and Tony

---

[1] Plaintiff's continued inability to comply with basic procedural rules is troubling. While this Court chooses not to reject this proposed amended complaint on the basis of the various procedural violations, it could have. Plaintiff is cautioned that further neglect of the Federal Rules of Civil Procedure and the Local Rules may have a more dire outcome as this case proceeds.

1

Yuen ("Yuen") (collectively "the Moving Defendants") opposed the purported Motion for Leave to amend, citing both Plaintiff's procedural violations and futility. ECF 43. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons stated herein, the motion to amend will be granted, without prejudice to the Moving Defendants' ability to renew their substantive arguments in a motion to dismiss.

I. **FACTUAL BACKGROUND**

The limited facts below are derived from the proposed Second Amended Complaint. ECF 39-1. Plaintiff, a citizen of China, invested with Defendants Luo, KE "Jack" Zhang, and Tony Yuen in a joint venture purporting to comport with the United States's EB-5 program. *Id.* ¶¶ 3, 13, 15. That program offers lawful permanent residence in this country to foreign investors where all of the legal requirements are met. *Id.* ¶ 15. The proposed Second Amended Complaint identifies with particularity a number of purportedly false statements made by Defendants Zhang and Luo, personally and by directing their employee to make the statements. *Id.* ¶ 16, 19, 23. Plaintiff also alleges that Defendants Luo and Yuen, at least, participated in converting some of the funds Plaintiff had invested for their personal use. *Id.* ¶ 39, 40.

II. **LEGAL STANDARD**

Federal Rule of Civil Procedure 15 provides that a party seeking to amend its pleading after twenty-one days following service may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, the Rule requires courts to "freely give leave when justice so requires." *Id.* The Fourth Circuit's policy is "to liberally allow amendment." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). Accordingly, leave to amend should be denied only if "prejudice, bad faith, or futility" is present. *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509–10 (4th Cir. 1986) (footnote omitted) (interpreting *Foman v. Davis*, 371 U.S. 178 (1962)); *Hart v. Hanover Cnty. Sch. Bd.*, 495 F. App'x 314, 315 (4th Cir. 2012). Ultimately, the

decision to grant leave to amend rests in this Court's discretion. *Foman*, 371 U.S. at 182; *Laber v. Harvey*, 438 F.3d 404, 428 (4th Cir. 2006) (en banc).

The Moving Defendants' contention in this matter is that amendment would be futile. ECF 43. As the Fourth Circuit has stated, a proposed amendment is futile when it "is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510; *see also* 6 Arthur R. Miller et al., FEDERAL PRACTICE AND PROCEDURE § 1487 (3d. ed. 2010) ("[A] proposed amendment that clearly is frivolous, advancing a claim or defense that is legally insufficient on its face, or that fails to include allegations to cure defects in the original pleading, should be denied." (footnotes omitted)).

This review for futility "does not involve 'an evaluation of the underlying merits of the case.'" *Kolb v. ACRA Control, Ltd.*, 21 F. Supp. 3d 515, 522 (D. Md. 2014) (quoting *MTB Servs., Inc. v. Tuckman-Barbee Constr. Co.*, No. RDB-12-2109, 2013 WL 1819944, at *3 (D. Md. Apr. 30, 2013)). "To the contrary, '[u]nless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations, … conjecture about the merits of the litigation should not enter into the decision whether to allow amendment.'" *Next Generation Grp., LLC v. Sylvan Learning Ctrs., LLC*, No. CCB-11-0986, 2012 WL 37397, at *3 (D. Md. Jan. 5, 2012) (alteration in original) (quoting *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980), *cert. dismissed*, 448 U.S. 911 (1980))). This Court has discussed the overlap between a court's review for futility under Rule 15 and for failure to state a claim under Rule 12(b)(6):

> There is no question, to be sure, that leave to amend would be futile when an amended complaint could not survive a Rule 12(b)(6) motion. *See U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). Yet the Court need not apply the Rule 12(b)(6) standard when determining whether leave to amend would be futile. The Court applies a much less demanding standard: whether "the proposed amendment is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510.

3

*Aura Light US Inc. v. LTF Int'l LLC*, Nos. GLR-15-3198 & GLR-15-3200, 2017 WL 2506127, at *5 (D. Md. June 8, 2017).

Thus, it may be within the trial court's discretion to deny leave to amend when it is clear that a claim cannot withstand a Rule 12(b)(6) motion. *See, e.g.*, *Wilson*, 525 F.3d at 376–79 (upholding a district court's denial of leave to amend False Claims Act claims because the plaintiffs' amendments attempted "to shoehorn what might have been an ordinary FCA claim—and what really is a breach of contract suit—into some sort of fraudulent inducement action. This [the plaintiffs] simply cannot do."); *Perkins v. United States*, 55 F.3d 910, 916–17 (4th Cir. 1995) (affirming the trial court's denial of leave to amend after the trial court dismissed the complaint under Rule 12(b)(6) based on the United States' sovereign immunity, since the proposed amendments would have also been dismissed under Rule 12(b)(6) on sovereign immunity grounds). As this Court has also suggested, leave to amend may be denied if proposed amendments are mere "[t]hreadbare recitals of the elements of a cause of action" that are clearly insufficient to plead a cause of action under Federal Rule of Civil Procedure 8(a)(2). *Kolb*, 21 F. Supp. 3d at 522 (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)).

That being said, it does not follow that every plaintiff seeking leave to amend claims must demonstrate that the claims can withstand a Rule 12(b)(6) motion. Such a requirement would render superfluous the Fourth Circuit's definition of a futile claim as one that is "clearly insufficient or frivolous on its face," *Johnson*, 785 F.2d at 510, and would run contrary to the Fourth Circuit's well-established "policy to liberally allow amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a)," *Galustian*, 591 F.3d at 729; *see also Coral v. Gonse*, 330 F.2d 997, 998 (4th Cir. 1964).

4

**III.     ANALYSIS**

In their opposition to the purported motion to amend, the Moving Defendants raise a series of arguments relating to Plaintiff's claims. ECF 43 at 8–17. Some of Defendants' contentions appear likely to be meritorious. Despite numerous opportunities, Plaintiff's proposed Second Amended Complaint still includes instances of group pleading, among other apparent issues. But it is much improved from the prior versions and, as described above, the standard applied to assess whether a claim is futile is more forgiving than that employed in evaluating a Rule 12(b)(6) motion to dismiss.

This iteration of Plaintiff's complaint includes more specific allegations of conduct taken by the specific defendants and includes the particularized allegations of specific statements required to plead fraud. *See* Fed. R. Civ. P. 9(b). At least as to some Defendants, then, it is not "clearly insufficient or frivolous on its face." Even assuming *arguendo* that some of the Moving Defendants' arguments may have merit, this Court does not wish to grant in part and deny in part the motion for leave to amend, because doing so would leave the case in a complicated procedural posture. The Court will therefore permit Plaintiff to file the Second Amended Complaint and ask the Moving Defendants to re-file their arguments in favor of dismissal for this Court's substantive consideration under the Rule 12(b)(6) standard. Though this procedure is somewhat lacking in efficiency, allowing Plaintiff's amendment will not prejudice the Moving Defendants and will produce the cleanest record for the parties to proceed with this case.

There is a further procedural morass that needs to be cleaned up. After the Moving Defendants filed their opposition to the instant motion for leave to file an amended complaint, but before this Court ruled on that motion, their counsel withdrew. ECF 44. New defense counsel eventually entered an appearance only to represent Luo and Yuen, without mentioning Paradigm.

ECF 49. Inexplicably, new defense counsel also sought an extension of time to file a responsive pleading, ECF 50, even though no complaint was pending to require a response. Plaintiff then filed a motion for Clerk's entry of default against Paradigm, even though no complaint was pending to warrant default. ECF 56. The Clerk entered the default. ECF 58. Of course, a party cannot be in default when no complaint is pending. In the meantime, new defense counsel formally entered an appearance for Paradigm, ECF 59, so all of the Moving Defendants are now represented.

Because this Court is just now approving the filing of the Second Amended Complaint, it will vacate the improper entry of default against Paradigm. The Moving Defendants will be permitted to file a responsive pleading or motion to dismiss within thirty days.

## IV.   CONCLUSION

For the reasons set forth above, Plaintiff's mis-captioned Motion seeking Leave to Amend, ECF 39, will be GRANTED, permitting the Second Amended Complaint to be filed. The Moving Defendants can then respond to the Second Amended Complaint within thirty days from the date of its filing, presumably by re-filing many of the arguments incorporated in their Opposition to the Motion to Amend, ECF 43. The Clerk's Entry of Default against Paradigm, ECF 58, will be vacated. A separate Order follows.

Dated:  October 28, 2024                                      /s/
                                                                           Stephanie A. Gallagher
                                                                           United States District Judge