IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| QIAN YUXING, | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No.: SAG-23-2684 |
| AMERI-ASIA LLC, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

After a long process involving dismissals and attempts to amend the complaint, Plaintiff Qian Yuxing ("Plaintiff") has filed a Second Amended Complaint ("SAC") against two corporate and three individual defendants, asserting claims for fraud and breach of contract. ECF 63. The record does not reflect that any of the defendants named in the SAC have ever been served with process in this case, although several of the defendants clearly have notice of this action and have been participating in the litigation. The pleadings to date, including the SAC, have been imprecise and confusing at best, leading to a motion to dismiss being filed by two of the defendants, Juliet Luo and Tony Yuen, and one entity that is not even named as a defendant in the SAC, Paradigm-V LLC ("Paradigm-V") (collectively, the "Moving Defendants").[1] ECF 66, 67. Plaintiff has opposed the motion, ECF 69, and no reply has been filed. A hearing is not necessary. *See* Local

---

[1] This Court understands Paradigm-V's confusion, because although it is not named as a defendant in the SAC's caption, recitation of parties, or *ad damnum* clause, the SAC contains certain assertions that Paradigm-V is among the "Corporate Defendants." ECF 63 ¶¶ 12, 13. This Court will not permit any further amendments of these claims, as it has spent more than a year writing various opinions identifying deficiencies in Plaintiff's pleadings, and Plaintiff has been represented by counsel throughout this endeavor. Plaintiff has not asserted a claim in the SAC against Paradigm-V, and this Court will therefore deny Paradigm-V's motion to dismiss as moot.

Rule 105.6 (D. Md. 2023). For the reasons that follow, the Moving Defendants' motion shall be granted in part and denied in part. Certain claims against Defendants Luo will proceed to discovery although the remaining counts will be dismissed.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

This Court issued its first opinion dismissing Plaintiff's Amended Complaint in January, 2024. ECF 22, 23. This Court afforded a short window for Plaintiff to seek leave to amend. *Id.* Plaintiff did so, ECF 27, but in March, 2024, this Court denied Plaintiff's motion for leave to file the proposed version of the second amended complaint as futile, ECF 29, 30. This Court afforded Plaintiff "one final opportunity" to file an actionable complaint in this case. *Id.* Plaintiff again sought leave to amend, ECF 32, but this Court again deemed the proposed second amended complaint deficient and futile in June, 2024. ECF 37. Given the potential merit of the fraud claims, however, the Court again allowed Plaintiff to seek leave to amend, with explicit warnings about the steps counsel should take to ensure the adequacy of the next version and noting that "the 'final chances' are at an end." *Id*.

In July, 2024, Plaintiff again sought leave to amend the complaint, attaching the version of the complaint that is now the SAC. ECF 39. While that motion for leave to amend was pending and there was no operative complaint, in early October, 2024, Plaintiff pursued a Clerk's entry of default against a corporate defendant, Paradigm-V LLC, who was not even named as a defendant in the proposed SAC. ECF 54.

Later in October, 2024, this Court approved the filing of the SAC. ECF 61, 62. This Court's order approving the filing of the SAC also vacated the Clerk's entry of default against Paradigm-V, now a non-party. *Id.* Two of the Defendants named in the SAC, ECF 63, Defendants Luo and Yuen, now seek its dismissal. ECF 66.

According to the SAC, Plaintiff is a resident of China, and Defendants are Maryland

residents or businesses with their primary places of business in Maryland. ECF 63 ¶ 1(b). Individual Defendants Luo, KE "Jack" Zhang, and Yuen "held themselves out" as providing "investment opportunities compliant with the United States' EB-5 program," which offers lawful permanent residence to certain foreign investors. *Id.* ¶ 9. As a result, Plaintiff's family business, Goldway Textile Company, sent $650,000 to Defendant CME Incorporated ("CME"), intending the money to be used for an EB-5 eligible investment project. *Id.* ¶ 13.

A document entitled "EB-5 Joint Venture Agreement" (JVA[2]) reduced the agreement to writing. *Id.* ¶ 15. Plaintiff alleges that Defendant AmeriAsia LLC ("AmeriAsia") signed the JVA, *Id.* ¶¶ 58, 59, and that the JVA "stated that the funds would be invested in the 'Caervision group of companies.'"[3] *Id.* ¶ 61.

The Complaint alleges that "during and prior to signing, on or about March 1, 2017," Defendants Zhang and Luo "verbally told Plaintiff that the payments were for an investment as described in the [JVA]" and "stated that Plaintiff would receive a green card in five years." *Id.* ¶ 16. Instead of investing the money, though, Defendants "distributed the money between CaerVison-associated accounts, including Corporate Defendants sued herein, for the purpose of concealing the financial condition of the joint ventures from the investors." *Id.* ¶ 18.

As for Defendant Yuen, the SAC alleges that "Defendant Tony Yuen identified himself in the promotional material as the 'Chief Consultant for Medical'" and that "Defendant Yuen made

---

[2] The SAC states that a translation of the JVA "is attached as Exhibit A." ECF 63 ¶ 15. No exhibits were filed with the SAC. One exhibit was filed after the SAC, labeled as "Exhibit A," but it contains translated text messages, not the JVA. ECF 42-2. A document purporting to be a translated version of the JVA appears on the docket at ECF 32-4, as an attachment to the version of the second amended complaint that was never filed with the Court because the motion to file it was denied, ECF 37.

[3] This Court sees no reference to the "Caervision group of companies" in the version of the JVA at ECF 32-4.

the statement for the purpose of inducing persons in Plaintiff's position to invest." *Id.* ¶ 23. The SAC does not allege any specifics about the "promotional material," who prepared it, or when it was prepared. The SAC further alleges that after Defendant Luo's indictment, she "transferred shares of Paradigm" to Yuen "for the purpose of avoiding forfeiture," *id*. ¶ 26, and Yuen "took over making all decisions and signing for everything on behalf of" Paradigm-V, *id.* ¶ 30.

## II.   STANDARDS OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to test the legal sufficiency of a complaint by way of a motion to dismiss. *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." *See In re Birmingham*, 846 F.3d at 92.

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Id*. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' ...." ) (citation omitted); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). But a plaintiff need not include "detailed factual allegations" to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal

of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if ... [the] actual proof of those facts is improbable and ... recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Maryland Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). But, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011).

### III.   ANALYSIS

The SAC continues the same "indeterminate assertions against all defendants," and even non-defendants, that have plagued this case since its inception. *See SD3, LLC v. Black & Decker*

*(U.S.) Inc.*, 801 F.3d 412, 423 (4th Cir. 2015) ("'The fact that two separate legal entities may have a corporate affiliation does not alter [the] pleading requirement' to separately identify each defendant's involvement in the conspiracy."). Plaintiff continues to make disjointed, confusing, and conclusory assertions about which actions were taken by various individuals or entities.

Despite the persistent infirmities with the pleading, this Court concludes that the SAC successfully states claims for fraud and conspiracy to commit fraud against Defendant Luo. As this Court has repeatedly noted in its multitude of opinions in this case, Rule 9(b) provides that when fraud is alleged, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Under this rule, a claim that sounds in fraud "must, at a minimum, describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *United States ex rel. Nathan v. Takeda Pharms. N.A., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013) (citation omitted). As the Fourth Circuit has held, Rule 9(b) requires the plaintiff to plead "the who, what, when, where, and how of the alleged fraud" to survive a motion to dismiss. *United States ex rel. Wilson v. Kellogg Brown & Root*, 525 F.3d 370, 379 (4th Cir. 2008) (internal quotation marks omitted). Among other things, Rule 9(b) ensures that each defendant has sufficient information to formulate a defense, protects defendants from frivolous suits, and serves to eliminate fraud actions in which all the facts are learned after discovery. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999).

Looking first at Defendant Luo, while there are myriad assertions in the SAC that do not meet the Rule 9(b) standard, there are sufficient allegations for the SAC to survive dismissal. The SAC alleges that on or about March 1, 2017, Defendants Zhang and Luo verbally told Plaintiff to make payments for an investment as described in the JVA and that Plaintiff would receive a green

card in five years. ECF 63 ¶¶ 13-16. The SAC goes on to allege that the Defendants distributed the money among "CaerVison-associated accounts" for the purpose of concealing the financial condition of the joint ventures and the misappropriation of funds. *Id.* ¶ 18. Finally, the SAC asserts that Defendant Luo (with Defendant Zhang) directed an employee, May Wang, to make false statements to Plaintiff on various dates regarding their intent to refund the money. *Id.* ¶ 19. In totality, those allegations suffice to state a claim against Defendant Luo for Fraud and for Conspiracy to commit fraud (with Defendant Zhang, at least).

Turning to Defendant Yuen, Plaintiff has not sufficiently asserted a fraud claim. Plaintiff has not identified the "time, place and contents" of any false statement made by Yuen. Plaintiff asserts that Yuen "identified himself" in unspecified "promotional material" as the "Chief Consultant for Medical," *id*. ¶ 23, but has not established (1) that the title attributed to Yuen was false, (2) who created the promotional material, or (3) when the material was created. Those vague allegations, after Plaintiff's plethora of attempts at pleading viable claims, are insufficient to set forth a fraud claim under Rule 9(b). *See Takeda Pharms. N.A., Inc.*, 707 F.3d at 455-56 (4th Cir. 2013).

The closer question is whether Plaintiff's claims of civil conspiracy or aiding and abetting fraud can lie against Yuen. Civil conspiracy involves an agreement to accomplish an unlawful act or to use unlawful means to accomplish an act not in itself illegal, while aiding and abetting involves knowingly assisting, advising, or encouraging the direct perpetrator of a tort. *See Alleco Inc. v. Harry & Jeanette Weinberg Found.*, 340 Md. 176, 199 (1995) (citing *Duke v. Feldman*, 245 Md. 454, 457 (1967)). The heightened pleading standard in Rule 9(b) applies to both fraud-based claims. *See Hill v. Brush Engineered Materials, Inc.*, 383 F. Supp. 2d 814, 823 (D. Md. 2005).

As best this Court can tell, excluding the improper group pleading, the allegations against

Yuen are that he was named in unspecified promotional material and that after Luo's criminal indictment, he "received shares" of Paradigm-V, "took over its operations," and engaged in "receiving and distributing the stolen funds in furtherance of the scheme." ECF 63 ¶¶ 26, 30. No specificity is provided with respect to any of these conclusory allegations to permit this Court, applying the heightened Rule 9(b) standards, to find that Yuen agreed with Luo or others to commit fraud or knowingly assisted in their fraudulent conduct.

Finally, Plaintiff attempts to assert a breach of contract claim against Defendants Luo and Yuen, to no avail. *Id.* ¶¶ 57-64. The JVA is signed by AmeriAsia, LLC, not any individual defendants. ECF 32-4 at 9. The SAC contains little to no information about AmeriAsia's corporate structure or control, its available assets, or even who signed the JVA on behalf of AmeriAsia. The SAC's conclusory phrases seemingly aimed at piercing the corporate veil pre-judgment are insufficient, and Plaintiff offers no facts to substantiate the need to pierce the corporate veil or to identify the individuals who might face liability if the corporate veil were to be pierced. Moreover, and more fundamentally, Plaintiff has not identified any actual contractual provision that was breached. The alleged contract terms referenced in the SAC do not actually appear in the JVA itself, as it appears at ECF 32-4. *See* ECF 63 ¶ 58 (suggesting that the JVA requires "investing the funds in such a way as to create at least ten jobs, and to have a business model that was capable of generating dividends"); *Id.* ¶ 61 (stating that the JVA required that the funds be invested in the "Caervision group of companies"). Both because Luo and Yuen are not parties to the JVA and because the JVA does not contain the only terms Plaintiff alleges to have been breached, the breach of contract claim must be dismissed against both Defendants.

IV.   **CONCLUSION**

For the reasons set forth above, Moving Defendants' Motion to Dismiss, ECF 66, is granted in part and denied in part. The claims against Defendant Luo will proceed to discovery as to Counts

8

One and Three. The remaining counts against Defendant Luo and all counts against Defendant Yuen are dismissed. The motion to dismiss filed by Paradigm-V will be denied as moot because it is not a named defendant. Plaintiff will be afforded thirty days to obtain summonses and effect service of the SAC on the three defendants who have not yet been validly served: individual Defendant Zhang and corporate Defendants AmeriAsia and CME. A separate Order follows.

February 24, 2025                              /s/
                                          Stephanie A. Gallagher
                                          United States District Judge